# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CITIZENS BANK, N.A.** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-351 |
| | : | |
| **RUDOLPH NASH, ET AL.** | : | |

**McHugh, J.**                                                                                                                                       **July 15, 2021**

## **MEMORANDUM**

This case concerns the priority of liens on real property where both a private party and the federal government assert a claim against the property. Plaintiff Citizens Bank made a loan to homeowners secured by a mortgage on their property that was erroneously recorded as satisfied. The Bank brought this action to reinstate the mortgage, naming as parties the homeowners and other lienholders, including the United States and Commonwealth of Pennsylvania. The United States does not object to reinstatement of the Bank's mortgage but seeks to establish the priority of its federal tax liens over the mortgage if it is reinstated. I conclude that the bank is entitled to set aside the satisfaction and reinstate its mortgage, but further conclude that federal law renders the mortgage subordinate in priority to the federal tax liens.

I.      **Factual Background**[1]

On February 24, 2006, Deborah and Rudolph Nash ("the Nashes") granted a mortgage to Citizens Bank on their property in Warrington Pennsylvania. *See* Compl. ¶¶ 2, 6, ECF 1.[2] The mortgage was recorded in the Office of the Recorder of Bucks County on April 21, 2006. *Id.* ¶ 6. In subsequent years, several federal tax liens pursuant to 26 U.S.C. § 6321 attached to the property, due to the Nashes' failure to pay certain taxes. In total, four federal tax liens were recorded in the Office of the Prothonotary for Bucks County between 2012 and 2016. *Id.* ¶¶ 3(a)-(d). State tax liens also arose. The Department of Revenue for the Commonwealth of Pennsylvania filed two tax liens in the Office of the Prothonotary for Bucks County in 2017. *Id.* ¶¶ 4(a)-(b).

On March 8, 2019, Citizens Bank prepared and executed a satisfaction of the mortgage, certifying that the debt secured by the mortgage was satisfied and fully paid. *Id.* ¶ 7. This satisfaction was sent for recording in the Office for the Recorder of Deeds in and for Bucks County and was recorded on March 18, 2019. *Id.* ¶ 8; *see also* Compl. Ex. C, ECF 1. But this satisfaction was erroneous— the mortgage, in fact, had not been paid, and was only prepared and filed through the inadvertence of Citizens Bank. *Id.* ¶¶ 7-10. As a result, Citizens Bank filed a writ of summons against the Nashes in state court, followed by a Complaint to Quiet Title. *Id.* ¶¶ 12, 18. The United States and the Commonwealth of Pennsylvania were named as defendants because of their liens on the property, *id.* ¶¶ 3-4, and the United States proceeded to remove the action. In answering the Complaint, the Nashes conceded that "the [2006 mortgage] has not been paid in full, there are still amounts due and owing under the loan secured by the Mortgage, and the Erroneous

---

[1] In a motion for judgment on the pleadings under Rule 12(c), I accept all factual allegations in the Complaint as true. *See Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

[2] This was the second mortgage on the property. *See* Complaint Ex. D, ECF 1 (title showing $348,000 mortgage recorded December 2005).

2

Satisfaction was prepared and recorded in error." *Id.* ¶ 11. The Nashes therefore agreed to consent to the relief sought by the Bank— an order striking the erroneous satisfaction from the Office of the Recorder of Deeds "and further declaring the Erroneous Satisfaction void *ab initio*." *Id.*

The United States has moved for judgment on the pleadings, arguing that if the mortgage is reinstated (a question on which it takes no position), the federal tax liens should now take priority over the 2006 mortgage. The Bank has not argued that there is any need for discovery and has not objected to resolving the issue as a pure matter of law.[3]

## II. Discussion[4]

In deciding a motion for judgment on the pleadings, I must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988) (citations omitted). Judgment should not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and he is entitled to judgment as a matter of law." *Id.* at 290 (citation omitted).

### a. Reinstatement of the Mortgage

The Bank requests that I order the erroneous satisfaction of mortgage to be stricken *nunc pro tunc* and declared void *ab initio*, reinstating the mortgage to the same force, effect and lien priority as if such erroneous satisfaction of mortgage had never been recorded. *See* Compl. ¶ 18. The Nashes have entered into a "Confidential Settlement and Release Agreement" in which they

---

[3] Attorneys for the Pennsylvania Department of Revenue have appeared at conferences in this action but still have not entered their appearance on behalf of the Commonwealth. The Court has been informed by the Commonwealth that they do "not plan on filing a response to the Motion for Judgment on the Pleadings."

[4] I exercise jurisdiction pursuant to 28 U.S.C. § 1444, as the United States was named as a Defendant in accordance with 28 U.S.C. § 2410. *See* Notice of Removal, ECF 1.

agreed that the mortgage had not been paid and that the satisfaction was erroneous, entitling the Bank to its requested relief. *See* Answer ¶ 11.

Under Pennsylvania law, the satisfaction of a mortgage is not conclusive and can be tested in a hearing notwithstanding the fact that the record was marked satisfied. *See Alliance Funding Co. v. Stahl*, 829 A.2d 1179, 1181 (Pa. Super. Ct. 2003). Equity may "afford[] relief" where a satisfaction "has been discharged through a mistake." *Id.* (quoting *St. Clement's Bldg. & Loan Ass'n v. McCann*, 190 A. 393, 394 (Pa. Super. Ct. 1937)). Therefore, a satisfaction "entered by accident or inadvertence . . . may be set aside and the mortgage reinstated, except as the rights of third persons may prevent." *Id.* Given the stipulations of fact presented as part of the settlement agreement, it is clear that the satisfaction here was in fact entered into by accident or inadvertence and that relief should be granted. Therefore, I will set aside the satisfaction of the 2006 mortgage and reinstate the mortgage.

Plaintiff urges me to adopt the language of the settlement and declare the satisfaction void *ab initio*, for the obvious purpose of trying to maintain its priority as a lienholder. I decline to do so. "An agreement between parties which violates a statute" will be declared void *ab initio* if "the subject of the agreement is specifically proscribed by statute." *Key Bank v. Crawford*, 600 F. Supp. 843, 845-46 (E.D. Pa. 1985) (citing *O'Brien v. O'Brien Steel Constr. Co.,* 440 Pa. 375, 379-80 (1970)). An agreement may also be declared void *ab initio* if there was fraud in the execution of the contract. *See Axalta Coating Systems, LLC v. Midwest II, Inc.,* 217 F. Supp. 3d 813, 821 (E.D. Pa. 2016) (Rufe, J.). This case involves a mistake. No statute or issue of public policy is implicated, and the satisfaction was validly executed; it was simply in error. Consequently, the Bank is entitled to have the satisfaction set aside as a matter of equity, but it was not void *ab initio* under Pennsylvania law.

### b. Priorities

With the mortgage reinstated, the question then becomes whether the Bank is automatically returned to its position of priority over the Nashes' property as against the state and federal tax liens. Pennsylvania courts have recognized that when equitable relief is granted, "the mortgage reinstate[s], *except as the rights of third persons may prevent.*" *Alliance*, 829 A.2d at 1181 (quoting *St. Clement's*, 190 A. at 394) (emphasis added).

Federal law governs the priority of competing state and federal liens once a federal tax lien arises. *See Aquilino v. United States*, 363 U.S. 509, 514 (1960). And under federal law, the lien that arises first in time will take priority. *See United States v. Pioneer Am. Ins. Co.*, 374 U.S. 84, 87 (1963) ("The priority of the federal tax lien . . . is governed by the common-law rule— 'the first in time is the first in right.'") (quoting *United States v. New Britain*, 347 U.S. 81, 85-86 (1954)); *United States v. McDermott*, 507 U.S. 447, 449 (1993).

I must therefore determine whether the federal tax liens or the 2006 mortgage arose first in time. "The priority of a state lien depends on when it 'attached to the property in question and became choate.'" *Monica Fuel, Inc. v. I.R.S.*, 56 F.3d 508, 511 (3d Cir. 1995) (quoting *New Britain*, 347 U.S. at 86). A state-created lien is choate, and therefore first in time, "only when it has been 'perfected.'" *Id.* (quoting *McDermott*, 507 U.S. at 449).

The United States acknowledges that when the federal tax liens first arose, between 2012 and 2016, the Bank's 2006 mortgage was first in time and therefore first in right. *See* Mot. for Judgment at 6, ECF 10-2. But it contends that once the erroneous satisfaction was recorded, the Bank's mortgage was no longer perfected and became an inchoate right. It argues, therefore, that the mortgage, if reinstated, could only be considered choate again *after* such reinstatement, so that the federal tax liens, perfected several years ago, now rank first in time and thus first in right.

I agree. For a lien to be choate, the Third Circuit has held that it must be summarily enforceable, "that is, without a judicial proceeding." *Monica Fuel*, 56 F.3d at 512. Under Pennsylvania law, the recording of a satisfaction "shall forever thereafter discharge, defeat and release the lien and debt of the mortgage." 21 P.S. § 721-4. As discussed above, an erroneous satisfaction "can be tested in a hearing notwithstanding the fact that the record was marked satisfied." *Alliance Funding Co.*, 829 A.2d at 1181. But it requires a judicial proceeding, which is precisely why Citizens Bank brought this action to quiet title against the Nashes. *See Monica Fuel*, 56 F.3d at 513 (holding that a state lien was enforceable when it required only the performance of ministerial acts, "neither of which require[d] the [state] to engage in a judicial contest to attain a judgment in its favor."). [5]

To summarize, after the recording of the satisfaction, Citizens Bank lost its right to summarily to enforce its mortgage. The lien conferred by the mortgage will only become choate again upon order of this Court — in July 2021. The federal tax liens, arising from 2012 through 2016, now rank first in time and are therefore first in right as a matter of law.

To avoid this result, the bank urges me to follow the First Circuit's decision in *Progressive Consumers Federal Credit Union v. United States,* 79 F.3d 1228 (1st Cir. 1996). I decline to do so. First, decisions from another circuit are, at most, persuasive authority, which a district court should not follow where there is controlling authority from its own circuit. Second, the decision in *Progressive* was rooted in principles of Massachusetts state law, which have no applicability

---

[5] Separately, the United States points out that Federal Treasury Regulations specifically define an enforceable security interest as one where "all actions required under local law to establish the priority of [the] security interest against a judgment lien have been taken." 26 C.F.R. § 301.6323(h)-1(a)(2)(i)(A). In similar fashion, the Regulations specify that a security interest's date of perfection "shall be determined without regard to any rule or principle of local law which permits the relation back to a date earlier than the date on which the action is actually performed." 26 C.F.R. § 301.6323(h)-1(a)(2)(i).

here. Finally, as a factual matter, it is clear from a close reading of the opinion that the mortgage at issue was a purchase money mortgage effectively creating the asset on which the federal government sought to execute. That gives rise to broader equitable questions than are present here, where the mortgage in question was issued later and for a far more modest amount considering the market value of the property.

An appropriate order follows.

    /s/ Gerald Austin McHugh
United States District Judge